UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 2 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Melvin Crosby Bey,                     )
                                       )
           Plaintiff,                  )
                                       )
    v.                                 )        Civil Action No.  09 0284
                                       )
Dr. George C. Zoley *et al.*,          )
                                       )
           Defendants.                 )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and his application to

proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*

and dismiss the complaint.

Plaintiff, who was recently released from federal prison where he was serving a sentence

imposed by the Superior Court of the District of Columbia,[1] alleges that his constitutional due

process rights were violated by the defendants for allegedly depriving him of his "entitlement to

placement in a CCC [community corrections center, *i.e.*, a half-way house]/home confinement

six months or more prior to plaintiff's re-parole effective release date." Compl. ¶ 36; *see also id.*

¶ 37. He also asserts common law claims by alleging that some defendants acted negligently in

executing their duties, *see id.* ¶ 41, and that others formed a civil conspiracy to deprive him of his

entitlement to release, *see id.* ¶¶ 39-40.

The complaint, and each of its claims, is based upon the premise that plaintiff has an

entitlement to release to a CCC or home confinement, *see id.* at 1, and that such entitlement is

_____

[1] *See* Crosby Bey's petition in Civil Action 08-311 (HHK), D.D.C., filed Feb. 25, 2008.



3

constitutionally protected by the due process clause. This premise is false. The plaintiff has no constitutionally-protected liberty interest in parole release and placement in a halfway house. "[A] lawfully imprisoned convict's interest in the possibility of being released on parole prior to expiration of the term of his sentence does not entitle him to due process protection, absent the creation of a regulatory system giving him a right to claim parole release upon meeting certain conditions." *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir.1980) (summarizing the Supreme Court's holding in *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1979)). District of Columbia prisoners do not have a constitutionally protected liberty interest in parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *Ellis v. District of Columbia*, 84 F.3d 1413, 1415-20 (D.C.Cir.1996); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. District of Columbia Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987).

Because the complaint fails to state a due process claim upon which relief may be granted to the plaintiff, the due process claim will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). Because the state common law are based on the same faulty premise, they too, will be dismissed. *Id.* To the extent that any state common law claim might survive the faulty premise on which it is based, supplemental jurisdiction over the common law claims is declined. 28 U.S.C. § 1367(c)(3). Accordingly, the entire complaint will be dismissed.

A final order accompanies this memorandum opinion.

Date: 2/4/09

Ellen S Huvelle
United States District Judge